I concur in the judgment of my colleagues in all aspects save and except their reasoning as to why the trial court properly eliminated the punitive damages portion of the jury verdict. I consider the trial court's action to be proper because the trial court erred in permitting the jury to even consider the issue of punitive damages, for at least two reasons.
First, the record indicates that the issue was raised for the first time, at the commencement of the trial. Trial by ambush has never been condoned, especially since our Civil Rules of Procedure sets forth, with specificity, the proper framework to insure that each party has proper notice and adequate time to prepare for the issues in controversy.
Secondly, sound public policy mandates that we punish the wrongdoer and not an innocent party. Here, we have an insured seeking punitive damages through his own insurer pursuant to the underinsured motorist provision of his insurance contract. To hold that an innocent party (the insurer) is to be held accountable for the outrageous conduct of another (the tortfeasor) violates the very concept of fundamental fairness and flies in the face of a plethora of case law in this state as to the origins and necessity of punitive damages.
Accordingly, the trial court in essence corrected a decision of the jury that it should not have even considered. Therefore, the issue of the form of the correction (i.e. whether through Civ.R. 50 or 60) is secondary to the inherent power of a trial court to correct its mistakes in a timely manner.
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE